UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

RONALD JACKSON  ]
    Plaintiff,  ]
       ]
v.  ]   No. 1:12-0097
      ]   JUDGE HAYNES
SHERIFF JIMMY BROWN, et al.  ]
    Defendants.  ]

## MEMORANDUM

Plaintiff, Ronald Jackson, an inmate at the Lawrence County Jail in Lawrenceburg, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants Jimmy Brown, Sheriff of Lawrence County, and three members of the staff at the Lawrence County Jail, seeking unspecified relief.

In March, 2012, Plaintiff alleges that he learned of his possible exposure to the HIV virus and hepatitis. Plaintiff alleges that he notified medical personnel at the Jail and blood was taken to confirm whether he had contracted either malady. Plaintiff was later told that his blood had not been sent to a lab for testing. Plaintiff contends that the failure to have his blood tested is a violation of his right to adequate medical care. Plaintiff also complains that one of the defendants (Sgt. Jamie Mahar) made copies of his legal mail without Plaintiff's consent.

Defendants are named in their official capacities only. When individual governmental officials are sued only in their official capacities, the real party is their employer, here Lawrence County. Kentucky v. Graham, 473 U.S. 159,166 (1985); Pusey v. City of Youngstown, 11 F.3d

652, 657 (6th Cir.1993), ("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity.")

A claim of governmental liability requires factual allegation suggestive of a policy, statement, regulation, decision or custom of Lawrence County or its agents, that violates Plaintiff's constitutional rights. Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). There must be a causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 489 U.S. 378 (1989).

Plaintiff alleges conduct or omissions involving only him. For his claims, Plaintiff fails to allege any facts that the acts and omissions suggestive of a policy or custom of Lawrence County. Consequently, the Plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

WILLIAM J. HAYNES, JR.
Chief District Judge
8-23-12

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

RONALD JACKSON  ]
    Plaintiff,  ]
      ]
v.  ]   No. 1:12-0097
      ]   JUDGE HAYNES
SHERIFF JIMMY BROWN, et al.  ]
    Defendants.  ]

## ORDER

The Court has before it a *pro se* prisoner complaint (Docket Entry No.1) under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* (Docket Entry No.2).

It appears from the application that the Plaintiff lacks sufficient financial resources from which to pay the $350.00 filing fee. Accordingly, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28 U.S.C. § 1915(a).

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

In accordance with the Memorandum contemporaneously entered, the complaint fails to state a claim upon which relief can be granted. Consequently, this action is hereby **DISMISSED**. 28 U.S.C. § 1915(e)(2). An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the Plaintiff is **NOT** certified to pursue an appeal of this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should the Plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of four hundred fifty five dollars ($455.00) or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this order to the Sheriff of Lawrence County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED**.

ENTERED this the 23rd day of August, 2012.

WILLIAM J. HAYNES, JR.
Chief District Judge